[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15240
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-61111-CV-WJZ

ELAYNE FRIEDMAN,

Plaintiff-Appellee,

versus

SOUTH FLORIDA PSYCHIATRIC ASSOCIATES, INC.,
ARNOLD P. CARTER, individually, et.al,,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 1, 2005)

Before BLACK, HULL and WILSON, Circuit Judges.

PER CURIAM:

South Florida Psychiatric Associates, Inc., Arnold P. Carter, M.D., P.A., and Arnold Carter, M.D. (collectively SFPA), appeal from a final judgment and order on cross motions for directed verdict entered in favor of Elayne Friedman. SFPA claims the district court erred in: (1) denying SFPA's Motion for Directed Verdict and granting Friedman's Motion for Directed Verdict under the Fair Labor Standards Act (FLSA), (2) deciding SFPA did not act in good faith with respect to Friedman's claim for overtime wages under the FLSA, and (3) awarding Friedman $85,822.75 in attorneys' fees. We affirm the district court.

## I. BACKGROUND

Friedman was hired by SFPA in 1997 as a data entry clerk. She was promoted to office manager in 1998, and stayed in this position until her employment was terminated on July 31, 2002. As office manager she received $1,080 every two weeks. Friedman was never paid extra for overtime, nor was her paycheck docked for absences until July 8, 2002, and July 12, 2002, when Friedman's pay was docked for partial days' absences.

Friedman filed an action against SFPA alleging, *inter alia*, that SFPA failed to pay her overtime compensation in violation of the FLSA. This case was tried before a jury, and the district judge entered directed verdict in favor of Friedman as to SFPA's failure to pay her overtime. The jury deliberated on the issue of

damages only, and returned a verdict in Friedman's favor of $12,922.00. The district court also awarded Friedman 29 U.S.C. § 216(b) liquidated damages in an amount equal to Friedman's backpay award. The district court later awarded Friedman $85,822.75 in attorneys' fees and $589.25 in costs.

## II. DISCUSSION

A.      *Motions for Directed Verdict*

"Motions for directed verdict . . . are subject to de novo review. Accordingly, we apply the same standard the district court must apply in determining whether to grant the motion." *Univ. of Fla. v. KPB, Inc.*, 89 F.3d 773, 774 (11th Cir. 1996). We review all evidence in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. *Id.*

SFPA claims Friedman was exempt from overtime under the FLSA because she fell under the administrative employee exemption, and thus SFPA's motion for directed verdict should have been granted, and Friedman's motion for directed verdict, which claimed she was entitled to overtime, should have been denied. The FLSA requires employers to pay overtime compensation to employees who work more than 40 hours per regular workweek. 29 U.S.C. § 207(a). The FLSA exempts employees working in an administrative capacity from this requirement. *Id.* § 213(a)(1). "The employer bears the burden of proving the . . . exemption. We

3

construe overtime exemptions narrowly, against the employer." *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1340 (11th Cir. 1994). One of the requirements for exempt status is that the employee be paid on a salary basis, which requires the employee's compensation not be "subject to reduction because of variations in the quality or *quantity* of the work performed." 29 C.F.R. § 541.118(a) (2002) (emphasis added).

> Deductions from pay may be made, consistent with salaried status, only: when the employee is absent "from work for a day or more for personal reasons other than sickness or accident," *id.* § 541.118(a)(2); when the employee is absent for a day or more due to sickness or disability, "if the deduction is made in accordance with a bona fide [sick leave] plan," *id.* § 541.118(a)(3); or when the employee is penalized "in good faith for infractions of safety rules of major significance," *id.* § 541.118(a)(5).

*Avery*, 24 F.3d at 1340.

The evidence that Friedman's pay was docked for partial days' absences was undisputed. The docking of pay for partial days' absences subjects the employee's compensation to reduction because of a variation in the quantity of work performed. *See* 29 C.F.R. § 541.118(a) (2002). A deduction for a partial day's absence is not one of the allowable deductions. *See Avery*, 24 F.3d at 1340. Thus, the salary basis of pay was violated, and Friedman was rendered a non-exempt employee and was entitled to overtime. *See id.* The district court did not

err in granting Friedman's motion for directed verdict, or in denying SFPA's motion for directed verdict.

B.      *Good Faith*

"What constitutes good faith on the part of an employer and whether the employer had reasonable grounds for believing that its act or omission was not a violation of the Act are mixed questions of fact and law. . . . We review such questions de novo to the extent they involve application of legal principles to established facts, and for clear error to the extent they involve an inquiry that is essentially factual." *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (internal quotations, citations, and brackets omitted).

"Any employer who violates [29 U.S.C. § 207] shall be liable to the employee . . . in the amount of . . . [her] unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The court may, however, award no liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. The determination of whether an employer acted in good faith and had reasonable grounds for believing its act or omission was not a violation of the FLSA has both a subjective

5

and objective component.  *Dybach*, 942 F.2d at 1566.  Subjective good faith means the employer has an honest intention to ascertain what the FLSA requires and to act in accordance with it.  *Id.*  Objective good faith means the employer had reasonable grounds for believing its conduct comported with the FLSA.  *Id.* "[G]ood faith requires some duty to investigate potential liability under FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979).[1]

Carter testified he read materials on exemptions to the FLSA 20 years ago, and it was his understanding that his office manager was exempt from the overtime provisions of the FLSA.  Even if Carter had an intention to ascertain the FLSA requirements and act in accordance with them, he looked into the issue 20 years ago, and did not look into it again before docking Friedman's pay.  Reading information 20 years ago regarding the FLSA does not provide an objectively reasonable basis for believing one's conduct comports with the FLSA.  Thus, the district court did not err in finding SFPA did not act in good faith.

C.    *Attorneys' Fees*

We review a district court's award of attorneys' fees for an abuse of discretion.  *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 387

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

F.3d 1241, 1243 (11th Cir. 2004). "Generalized statements that the time spent was reasonable or unreasonable . . . are not particularly helpful and not entitled to much weight. As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1998) (internal citation omitted).

SFPA merely makes generalized statements that the time spent on the case was unreasonable, but does not point to any specific time entries to support its argument. In reviewing the district court's order, we note the judge did not rubber stamp the fees submitted by Friedman's counsel; rather, he went through the time entries and reduced hourly rates charged for the work of a paralegal and law clerk, and reduced the hours spent on duplicative work. There was no abuse of discretion.[2]

### III. CONCLUSION

The district court did not err in: (1) denying SFPA's Motion for Directed Verdict and granting Friedman's Motion for Directed Verdict under the FLSA,

---

[2] As to SFPA's argument that a provision in the retainer agreement between Friedman and her counsel was an ethical violation impairing Friedman's ability to settle, we take no position because that argument does not affect the issue of whether the district court abused its discretion in the award of attorneys' fees. If needed, Friedman and the Florida Bar can make a determination on that argument.

(2) deciding SFPA did not act in good faith with respect to Friedman's claim for overtime wages under the FLSA, and (3) awarding Friedman $85,822.75 in attorneys' fees.

**AFFIRMED.**