[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12282
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-61798-CV-WPD

DARYL LENARD GERMAN,

Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF'S OFFICE,
TOMOKA CORRECTIONAL INSTITUTION,
MS. ASKEW, DR. SCHOCOFF,
JOHN DOE, Dr., DR. KIM,

Defendants-Appellees,

LAQUAY JONES, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 20, 2009)

Before BIRCH,  BARKETT and KRAVITCH, Circuit Judges

PER CURIAM:

Daryl Lenard German, a state prisoner proceeding pro se, appeals the district court's denial of his motions for appointment of counsel/medical expert and summary judgment, and the grant of the defendants' motions for summary judgment in his 42 U.S.C. § 1983 action.

German alleged that Wackenhut Corrections Corp. and/or GEO (GEO), the company charged with operating South Bay Facility, where German was incarcerated, and Askew, South Bay's Health Service Administrator, violated his rights when they showed deliberate indifference to a neck injury he suffered during a beating in 1994 by ignoring his complaints of pain, swelling, loss of movement, and loss of strength and by denying him proper testing despite a specialist's, Dr. Jerez's, recommendations, both resulting in his condition worsening to the point that it became a permanent injury and required major surgery three years later.

German alleged that Assistant Warden Clark, a senior representative of GEO, and Askew fraudulently responded to a grievance he filed against the prison, indicating that Dr. Jerez had not ordered further treatment for German, because they were in a conspiracy to save money by denying him medical care. Specifically, while German was incarcerated at South Bay, defendant Askew refused to follow Dr. Jerez's recommendation to have German undergo a

myelogram and CT scan and told South Bay physician Dr. Schocoff that "the facilities budget for that month could not cover the cost."

## I. Summary Judgment

German argues that the district court improperly resolved factual disputes between the parties in granting summary judgment for the defendants, but instead should have granted summary judgment in his favor because neither Askew nor GEO rebutted his allegations against them. Specifically, German's affidavit in opposition to summary judgment asserted that Dr. Schocoff told him that Askew denied him medical care based on financial restrictions and budgetary concerns, while the defendants gave two other reasons for denying him treatment: (1) Dr. Schocoff's medical notes indicating that, after independent review, it was determined that the treatment was unnecessary; and (2) responding to his grievance by stating that the treatment was never ordered by a specialist. Askew's claim that Dr. Schocoff independently decided that further treatment was not necessary was not reasonable because Dr. Schocoff would not likely request Dr. Jerez's opinion and then reject his prescribed course of treatment. The district court prejudiced German when it excluded his evidence regarding the responses to his grievance because the evidence created a reasonable inference that the prison officials must have ignored the specialist's prescriptions when they responded to the grievance

3

because they had no reason for denying the prescribed care. Additionally, the defendants' refusing to provide the medical care that Dr. Jerez prescribed showed deliberate indifference because it interfered with German's ability to receive prescribed health care, and canceling prescriptions written by a specialist and refusing the specialist's request for authorization to conduct more testing did not amount to a difference in medical judgment between Drs. Schocoff and Jerez.

Further, German argues that summary judgment should not have been granted for Askew because the magistrate and the district court agreed that there was arguably a serious medical need in this case, and Askew did not present any evidence demonstrating the contrary. Moreover, while Askew gave an alternate explanation for failing to carry out the specialist's orders, German presented sufficient facts to create a genuine issue as to her state of mind in refusing to follow the specialist's advice for three years, especially since she knew that the three-year denial of treatment posed an excessive risk of pain and bone deterioration. Askew did not have to rely on directions by Dr. Schocoff as she had contended, but rather had the authority to intervene and override his decisions as demonstrated by her own job description. Moreover, Askew's statement that the treatment merely was delayed was also untrue because the treatment did not occur until Dr. Schocoff was terminated and German approached a new prison doctor

4

about receiving the prescribed treatment. As for GEO, German claims that he demonstrated a causal connection between one of GEO's decisionmakers, Assistant Warden Clark, and the alleged constitutional violation because Clark signed the response to German's grievance fraudulently indicating that Dr. Jerez had not requested any further appointments, thereby participating in the unlawful denial of medical care.

Finally, German argues that the district court erred in not granting, or even addressing, his cross-motion for summary judgment against GEO because he showed that there were no genuine issues of material fact in question regarding GEO's fraudulent response to his grievance, and GEO, in neither filing an affidavit nor a response in opposition, failed to dispute such allegations.

We review pro se pleadings liberally, holding them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). However, we will not act as de facto counsel for pro se parties. GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

A district court's order granting summary judgment is reviewed de novo, "viewing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005). Summary judgment is appropriate if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," no genuine issue of material fact exists. Celotex Corp., 477 U.S. at 322-23, 106 S.Ct. at 2552.

Section 1983 provides a civil cause of action for "a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983). To state a claim under § 1983 against a private entity performing public functions, there must be a policy or custom by which the constitutional deprivation was inflicted. Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997). A policy or custom is established by showing a persistent and widespread practice and an entity's actual or constructive knowledge of such customs, though the custom need not receive formal approval. Depew v. City of St. Marys, Ga., 787 F.2d 1496, 1499 (11th Cir. 1986). However, "normally random

acts or isolated incidents are insufficient to establish a custom or policy." Id.

We conclude that the district court erred in granting Askew's motion for summary judgment. German alleged that she refused him medical care based on budgetary and financial concerns. While Askew testified that she had no control over Dr. Schocoff's decision not to pursue further testing, her job description, which included overseeing services rendered by contractors and professional staff and evaluating referrals to outside consultants for necessity, contradicts such testimony. Accordingly, we conclude that the allegations in German's verified complaint and affidavit as well as discovery material were sufficient to prevent summary judgment because, in the light most favorable to German, they bring up a genuine issue of material fact that Askew does not sufficiently rebut, specifically whether or not Askew had the authority or power to override Drs. Schocoff's and Jerez's recommendations.

We also conclude that analysis as to whether a serious medical need existed or whether Askew was deliberately indifferent to that medical need is not necessary at this point in German's appeal. On remand, the record must be further developed to determine whether Askew was deliberately indifferent to German's serious medical need.

Conversely, we conclude that the district court did not err in granting

summary judgment in favor of GEO. German failed to present evidence alleging that GEO had a  policy or custom of depriving inmates of medical care for financial reasons. The fact that a GEO employee signed the allegedly fraudulent response to German's grievance does not show (1) a policy or custom on GEO's part; or (2) that Assistant Warden Clark was deliberately indifferent to German's medical care. Accordingly, no genuine issue of material fact exists, and we affirm the district court's grant of summary judgment in favor of GEO.

Finally, the district court did not err in denying German's cross-motion for summary judgment against GEO because, as noted above, no genuine issues of material fact exist. Accordingly, summary judgment in German's favor was not appropriate, and we affirm the district court's denial of German's cross motion.

## II. Appointment of Counsel

German argues that his incarceration prevented him from effectively presenting his claims, especially given the level of discovery necessary since credibility is such a major issue in his case. German repeatedly encountered legal obstacles both in the defendants' resistance to provide him with pertinent information, such as Drs. Schocoff's and Kim's addresses so he could serve them with the complaint, and in the intricacies of the discovery rules. He claims he could not rely on the same prison officials at the prison where he was currently

8

incarcerated to disclose evidence relevant to his lawsuit against them. The numerous technical rulings against German indicated that he was experiencing significant difficulty in proving elements of his legal claim because he lacked the ability to take oral depositions and locate certain defendants. Moreover, he argues that the district court's finding that German addressed in numerous filings the legal and factual claims at hand did not translate into his adequately presenting the necessary legal and factual claims because it did not inquire into the factual and legal issues that German was prevented from presenting.

We review a district court's denial of a motion for appointment of counsel for an abuse of discretion. Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999). Pursuant to 28 U.S.C. § 1915(e)(1), the district court may appoint counsel to any party unable to afford counsel. However, like other civil litigants, prisoners raising civil rights claims "have no absolute constitutional right to counsel." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). In civil cases, appointment of counsel is "justified only by exceptional circumstances such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." Id. (internal quotations omitted). "The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court," but when the facts and issues in the case are simple, appointment of counsel

is not required.  Id.

We conclude that while German has alleged disputed facts sufficient to preclude summary judgment, the district court's failure to appoint him counsel prohibited him from presenting the full merits of his case. Specifically, as a pro se prisoner, German was unable to conduct effective discovery, which led to his being unable to locate and serve two key parties, namely Drs. Schocoff and Kim, and Dr. Schocoff's testimony in particular would presumably be highly relevant to German's case. Moreover, while the legal claims German raises are not complex, his claim is based on very detailed factual allegations regarding Askew's job responsibilities, and on remand, it will need to be determined whether Askew was deliberately indifferent to a serious medical need. Accordingly, counsel was necessary for German to effectively present his case, and the district court abused its discretion in denying his request to appoint counsel.

### III. Appointment of an Expert Witness

German also argues that his nerve and spine conditions did not manifest themselves in ways that were obvious and ascertainable to a lay person, and thus in order to prove the alleged deterioration in his arm, bones, and health, he required a medical expert witness. Additionally, while the district court found that German's condition might arguably qualify as a serious medical need, a medical expert

witness was necessary to solidify such a determination, especially since German lacked medical or scientific evidence to demonstrate his alleged injury to a jury or explain the medical consequences of the defendants' failure to provide treatment in a timely manner. Moreover, both defendants filed pleadings noting that German did not have an expert witness to substantiate his medical claims and expressing their belief that expert testimony would be necessary in this case.

We review a district court's denial of a motion for appointment of an expert witness for an abuse of discretion. Bass, 170 F.3d at 1319. Federal Rule of Evidence 706 "provides the court with discretionary power to appoint an expert witness either on the court's own motion or the motion of a party." Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996); Fed.R.Evid. 706(a). Moreover, the district court's discretion on whether or not to appoint an expert should be exercised and reflected in a reasoned ruling. Steele, 87 F.3d 1266 at 1271.

We conclude that the district court did not abuse its discretion in denying German's motion for the appointment of an expert witness. German asserted that he needed an expert witness because his case involved serious medical conclusions. However, in her motion for summary judgment, Askew did not assert that German did not have a serious medical need or that she was not deliberately indifferent to that need. She asserted that she did not have the power to overrule

11

Dr. Schocoff's determination not to pursue further testing. Conversely, GEO argued in its motion for summary judgment that it did not have a custom or policy of denying medical care or providing inadequate health care to inmates. However, German failed to allege that Assistant Warden Clark's action in signing the allegedly fraudulent grievance response was part of a custom or policy of GEO's. Accordingly, the district court did not abuse its discretion in denying German's motion to appoint an expert witness because medical conclusions were not at issue in Askew's or GEO's being granted summary judgment. Nevertheless, on remand, the appointment of a medical expert may be warranted because the district court will need to determine whether Askew was deliberately indifferent to German's serious medical need.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**