[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 31, 2011
JOHN LEY
CLERK

No. 10-13117
Non-Argument Calendar
_____

D.C. Docket No. 0:05-cv-61798-WPD

DARYL LENARD GERMAN,

Plaintiff - Appellant,

versus

BROWARD COUNTY SHERIFF'S OFFICE,
TOMOKA CORRECTIONAL INSTITUTION,
ASKEW,
Ms.,
SCHOCOFF,
Dr.,
JOHN JOHN DOE WARD,
Dr.,

Defendants - Appellees,

LAQUAY JONES, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 31, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

In this 42 U.S.C. § 1983 action, Daryl German alleged that defendants Ms. Askew, Dr. Schocoff, and GEO, Inc. violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs while he was detained at South Bay Correctional Facility in Florida. This is the second time the case is before us. Initially, German appealed the district court's grant of summary judgment in favor of Askew and GEO and denial of German's request for appointment of counsel/medical expert. We reversed summary judgment as to Askew, affirmed summary judgment as to GEO, and reversed the denial of German's request for appointment of counsel. German v. Broward Cty. Sherriff's Office, No. 08-12282, 315 Fed. Appx. 773 (11th Cir. Feb. 20, 2009). On remand, German added Schocoff as a defendant, and the district court appointed counsel for German and held a jury trial. The jury returned a verdict in favor of Askew and Schocoff and the district court entered final judgment in favor of the defendants.

German raises three issues on appeal. First, he argues that the district court should have entered judgment against the defendants, notwithstanding the verdict. Second, he argues in the alternative that the district court should have granted him

a new trial on damages. And third, he argues that the district court should have reinstated GEO as a party defendant. We address each issue in turn.

## I. Judgment Notwithstanding the Verdict[1]

According to the special-interrogatory verdict form, the jury found the following: German had a serious medical need; Schocoff and Askew were aware of German's serious need for medical care; Schocoff, with deliberate indifference to the illness or injury of German, failed to provide needed medical care; Askew did not, with deliberate indifference to the illness or injury of German, fail to provide German with needed medical care; and German was not injured as a result of Schocoff's failure to provide needed medical care. Because the jury determined that German was not injured by Schocoff's failure to provide needed medical care, and that Askew did not fail to provide him with needed medical care, it was instructed on the verdict form not to answer an interrogatory asking whether German should be awarded damages from the defendants to compensate him for

---

[1] We review rulings on motions for directed verdict and judgment notwithstanding the verdict de novo. MacPherson v. University of Montevallo, 922 F.2d 766, 770 (11th Cir.1991). "We review all of the evidence in the light most favorable to, and with all reasonable inferences drawn in favor of, the nonmoving party." University of Fla. v. KPB, Inc., 89 F.3d 773, 775 (11th Cir. 1996). When "substantial evidence is presented opposed to the motion, and this evidence is of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions, the motion must be denied." Id.

3

physical pain and suffering. The jury was not presented with a interrogatory regarding whether German should be awarded nominal damages.

Based on these findings, German contends that judgment should have been entered against Schocoff for two reasons: first, he argues that, in finding that Schocoff was deliberately indifferent to his serious medical need, the jury necessarily determined that Schocoff violated his Eighth Amendment rights, and as a result, he was entitled to nominal damages; and second, he argues that jury was required to find that unnecessary pain and suffering resulted from Schocoff's failure to provide needed medical care for his serious medical condition.

German's first argument regarding nominal damages is foreclosed by Oliver v. Falla, 258 F.3d 1277, 1282 (11th Cir. 2001). In that case, we held that "[t]he right to nominal damages is not automatic" in a § 1983 claim alleging an Eighth Amendment violation, and that a plaintiff "waives any entitlement to such damages" when he fails to seek them. Id. Here, although German sought and the court delivered a jury instruction regarding nominal damages, German failed to request an interrogatory on the verdict form regarding nominal damages. The verdict form only asked whether he should receive compensatory damages, and the jury was instructed not to answer that question when it determined that he was not injured by Schocoff's failure to provide needed medical care. Because German

4

failed to seek nominal damages through a special interrogatory on the verdict form, he waived his entitlement to them. See id.

As to German's second argument regarding compensatory damages, substantial evidence supported the jury's finding that he was not injured by Schocoff's failure to provide needed medical care. Both German's and Schocoff's experts testified that it was unclear whether German's pain and suffering would have been remedied had Schocoff treated German's serious medical need in a timely manner. Based on this testimony, the jury was entitled to find that Schocoff did not proximately cause German's pain and suffering.

With respect to Askew, German argues that she was vicariously liable, as a matter of law, for Schocoff's deliberate indifference because she supervised Schocoff. This argument fails for two reasons. First, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks omitted). Based on Askew's testimony, in which she denied having any role in Schocoff's treatment decisions and denied having any authority over Schocoff, the jury was entitled to find that Askew did not personally participate in the alleged constitutional violation and that there was no causal connection between her actions and the

5

alleged constitutional violation, and thus that she was not liable. See Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) ("Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation."). Second, given the jury's finding, based on substantial evidence, that Schocoff did not injure German, there was no injury for which Askew could be held vicariously liable.

## II. New Trial[2]

To support his contention that the district court should have granted him a new trial on damages, German relies on the same arguments he made for a judgment withstanding the verdict. We conclude that the jury's verdict regarding compensatory damages was not against the clear weight of the evidence, as both sides' experts testified that it was unclear whether German would have benefitted from being treated by Schocoff soon after Schocoff became aware of German's medical condition.

## III. Reinstatement of GEO

---

[2] "We review a district court's grant of a new trial for abuse of discretion. A judge should grant a motion for a new trial when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotation marks and citations omitted).

When this case was first before this Court, we affirmed the district court's grant of summary judgment in favor of GEO because German failed to present evidence that "GEO had a policy or custom of depriving inmates of medical care for financial reasons." German, 315 Fed. Appx. at 776. Under the law of the case doctrine, the district court and this Court are bound by that earlier ruling unless: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." United States v. Robinson, 690 F.2d 869, 872 (11th Cir. 1982). German has failed to show that any of these exceptions applies here. The district court, therefore, did not err in denying German's request to reinstate GEO as a party defendant.

For the foregoing reasons, we affirm final judgment in favor of the defendants.

**AFFIRMED.**