[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16033
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 4, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00832-CV-T-23MAP


ZELLA A. POWELL, on behalf of herself
and others similarly situated,

                                                        Plaintiff-Appellee,

    versus

MORTON PLANT MEASE HEALTH CARE, INC.,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 4, 2006)**


Before TJOFLAT, BARKETT and HILL, Circuit Judges.

PER CURIAM:

    Zella A. Powell sued Morton Plant Mease Health Care, Inc. ("Morton"),

asserting a Fair Labor Standards Act (the "FLSA") claim. During 2002 and 2003, Powell was employed by Morton as a Food Service Coordinator in the Food and Nutrition Services Department at Mease Dunedin Hospital. Her job was to monitor the operations of the kitchen during the early morning shift (5:30 to 2:00), when her supervisor was not present. She alleged in her complaint that, in violation of the FLSA, Morton failed to pay her overtime pay for overtime hours. Morton asserted the statutory affirmative defense that they were exempt from paying Powell overtime because she was a salaried executive.[1]

The case was tried before a jury. Powell called her two supervisors and Morton's human resources director, who testified to and introduced documentary evidence regarding Morton job descriptions, payroll procedures and salaries, overtime pay policies, and Morton's organizational chart. Morton called no witnesses, nor offered any documentary evidence.

At the end of Powell's case, Morton moved for judgment as a matter of law, arguing that the evidence established as a matter of law that Powell was a salaried executive, entitling it to FLSA's executive exemption. The district court denied the motion. At the end of the trial, Morton renewed its motion, and the district

---

[1]The FLSA exempts any "employee employed in a bona fide executive, administrative, or professional capacity . . . as such terms are defined and delimited from time to time by regulations of the Secretary [of Labor] . . . . " 29 U.S.C. § 213(a)(1).

2

court again denied it.

The case went to the jury, which returned a verdict for Powell in the stipulated damage amount of $5500.[2]  Morton moved for a new trial on the grounds that there was insufficient evidence to support the verdict.  The district court denied the motion, and this appeal followed.

We review de novo the denial of a motion for judgment as a matter of law. *University of Fla. v. KPB, Inc.*, 89 F.3d 773, 775 (11th Cir. 1996).  We review the denial of the motion for a new trial for an abuse of discretion.  *Blu-J, Inc. v. Kemper C.P.A. Group*, 916 F.2d 637, 643 (11th Cir. 1990).

I.

The parties stipulated to Powell's prima facie case – that she was employed by Morton during the relevant time, that she was engaged in commerce or employed by an enterprise engaged in commerce, and that Morton failed to pay her overtime pay as required by FLSA *if* she is an hourly worker.  Therefore, in order for Morton to be entitled to judgment as a matter of law, the evidence must have established as a matter of law that Powell was not an hourly worker.  If the evidence established that she was a salaried executive, Morton was entitled to the FLSA exemption from liability for overtime pay for salaried executives.  *See*

---

[2]Powell also received liquidated damages, attorneys' fees and costs, the amounts all stipulated to prior to trial by Morton.

*Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974).

In order to be considered salaried, the statute requires that the employee receive a predetermined amount of wages without regard to the number of days or hours worked. 29 C.F.R. § 541.118(a) (2003). The evidence at trial, however, established that Powell's paychecks varied greatly week to week depending on how much overtime she worked, and that, on at least one occasion, she was paid on the basis of less than full-time work.[3] Based upon this evidence, we cannot conclude that Powell was salaried as a matter of law. At best, the record evidence created a jury issue as to whether Powell was salaried.

Nor did the evidence at trial establish as a matter of law that Powell was an executive. In order to be an executive, Powell's duties must have been primarily managerial or supervisory. 29 C.F.R. 541.102(a) (2003). Although there was evidence that Powell's duties were in part supervisory, there was significant other evidence that she was primarily a kitchen worker. At most, there was competent evidence on both sides of this issue. As such, Morton was not entitled to judgment as a matter of law that Powell was an executive.

Inasmuch as the evidence did not establish as a matter of law that Powell was salaried and an executive, Morton was not entitled to judgment as a matter of

---

[3]Morton offered no explanation for this reduction.

4

law under the executive exemption and the district court did not err in denying its motion.

Nor did the district court abuse its discretion in denying Morton's motion for a new trial. There was sufficient evidence from which the jury could infer that Powell was an hourly worker. Furthermore, the jury is entitled to choose the testimony it credits and what weight to assign particular testimony. We are unable to conclude from the record that no juror could have reasonably found that Powell was an hourly worker.[4]

Accordingly, the denial of the motions for judgment as a matter of law and for a new trial were correctly denied, and the judgment is

AFFIRMED.

---

[4]We have considered and find no merit in Morton's arguments, not raised below, that the jury was either not adequately or incorrectly instructed.