[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12120
Non-Argument Calendar

_____

D.C.  Docket No. 07-80192-CV-DTKH

SECRETARY OF LABOR, UNITED
STATES DEPARTMENT OF LABOR,

Plaintiff–Appellant,

versus

STEVEN LABBE,

Defendant–Appellee,

SOUTH FLORIDA CONTRACTORS, INC.,
JULIAN LABBE,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 4, 2008)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

The Secretary of the United States Department of Labor, Wage and Hour Division, ("Secretary") appeals from an order of final dismissal without prejudice of its complaint against Steven Labbe.[1]  The Secretary's complaint alleged, in relevant part, that Steven Labbe as an employer at the residential roofing company, South Florida Contractors, Inc., violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") by failing to pay its employees applicable minimum wage and overtime and by failing to keep accurate employment records since June 16, 2002.  Upon Labbe's motion to dismiss and/or for more definite statement, the district court dismissed the Secretary's complaint with leave to file an amended complaint finding that further detail was necessary to satisfy the threshold pleading requirements as articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (2007).

On appeal, the Secretary argues that the allegations and information in its complaint meet the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" as affirmed by the Supreme Court in Twombly.  Labbe responds that the district court correctly dismissed the complaint because,

---

[1] The Secretary's complaint was brought against defendants South Florida Contractors, Inc., Julian Labbe, and Steven Labbe.  The district court entered a default judgment against defendants South Florida Contractors, Inc. and Julian Labbe, neither of whom is involved in this appeal.

according to Labbe, the complaint, on its face, alleges violations that are barred by the applicable statute of limitations without alleging such claims should be equitably tolled.

We review a motion to dismiss for failure to state a claim de novo, applying the same standards as the did the district court. Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). We must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff. Id. In Twombley, the Supreme Court explained that to survive a motion to dismiss under Rule 12(b)(6), a complaint "does not need detailed factual allegations," but those allegations "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1964-65.

We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in Twombley is "one of 'plausible grounds to infer.'" Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombley, 127 S. Ct. at 1965). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 1296.

3

In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in Twombley that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. See 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. See Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred).

We conclude that the Secretary's March 2, 2007 complaint makes such factual allegations sufficient to withstand a motion to dismiss for failure to state a claim under FLSA. The complaint alleges that Labbe is a covered employer and

4

provides a listing of the specific names of the covered employees as Appendix A to the complaint. The complaint alleges that since June 16, 2002, Labbe repeatedly violated stated provisions of the FLSA by failing to pay covered employees minimum hourly wages and to compensate employees who worked in excess of forty hours a week at the appropriate rates. The complaint also alleges in a separate paragraph that since June 16, 2002 Labbe failed to keep appropriate records of the "wages, hours and other conditions and practices of employment maintained by it" as required by law. While these allegations are not overly detailed, we find that a claim for relief for failure to pay minimum wage, to provide overtime compensation, or to keep appropriate records under FLSA does not require more.

Labbe contends that the dismissal of the complaint was appropriate nonetheless, because the Secretary's allegations that certain of the violations occurred as far back as June 16, 2002 preclude relief on the complaint in its entirety due to FLSA's applicable statute of limitations. Both parties agree that willful violations of FLSA are subject to a three year statute of limitations, and construing the facts in the light most favorable to the Secretary, we will presume that the complaint alleges willful violations of FLSA. Hence, because the complaint was filed on March 2, 2007, any violations that occurred prior to March

5

2, 2004 would appear to be barred by the statute of limitations. The possibility that some of the alleged violations may have occurred during a time-barred period, however, does not sustain the dismissal of the complaint, in its entirety. Moreover, asserting such a bar is an affirmative defense. See Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1292 (11th Cir. 2005) (explaining that the defendant bears the burden of proving an affirmative defense). The Secretary was under no obligation to anticipate and negate this affirmative defense in the complaint. See La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir.2004).

While it is true that we have dismissed complaints under Rule 12(b)(6) on statute of limitations grounds, we have made it clear that dismissal on such grounds is "appropriate only if it is apparent from the face of the complaint that the claim is time-barred" and "only if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute." Tello, 410 F.3d at 1288, n.13 (emphasis added) (internal quotations omitted). The complaint here contains factual allegations that clearly are not time-barred, namely those violations that may have occurred from March 2, 2004 until March 2, 2007. In addition, as to those violations that may be time-barred, we cannot conclude beyond a doubt that the Secretary can prove no set of facts that toll the statute. The allegation in the complaint that the defendants submitted "Receipts for Payment of Back Wages"

6

knowing that they were false is sufficient to suggest equitable tolling.

Because we find that the Secretary has alleged facts sufficient to meet the threshold pleading requirements of Rule 8(a)(2) as articulated in <u>Bell Atlantic Corp. v. Twombly</u>, we reverse the district court's dismissal of the complaint and remand for further proceedings.

**REVERSED AND REMANDED**.