[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10915
Non-Argument Calendar

_____

D.C. Docket No. 4:10-cv-10111-JLK

COREY FREEMAN,

Plaintiff-Appellant,

versus

KEY LARGO VOLUNTEER FIRE AND
RESCUE DEPARTMENT, INC.,
KEY LARGO FIRE RESCUE AND
EMERGENCY MEDICAL SERVICES DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 31, 2012)

Before HULL, MARTIN, and COX, Circuit Judges.

PER CURIAM:

Corey Freeman appeals the dismissal with prejudice of his second amended complaint for failure to state a claim.  We conclude that the district court properly dismissed the complaint and affirm.

## I.

Corey Freeman went to work at the Key Largo Volunteer Fire Department (the Department) as a volunteer in October 2006.  Then, in December 2010, he sued the Department and the Key Largo Fire and Rescue Emergency Services District (the District) asserting that he was not a volunteer, but a paid employee. He alleged that he was not paid minimum wage and overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206–207.

After Freeman initiated this lawsuit, he wanted to keep serving as a fireman, but the Department refused to let him continue. In a March 15, 2011 letter, the Department told Freeman that it believed he was "volunteering" his time and that, by filing this lawsuit, he had repudiated his volunteer status.  The Department refused to let him continue as a fireman unless he signed a declaration saying that he would be volunteering his services without expectation of compensation.

Freeman then amended his complaint and added a claim for retaliation.  He also added the District as a defendant under a joint employment theory. The

2

district court dismissed this complaint without prejudice for failure to state a claim.

Freeman then filed his second amended complaint—the one at issue in this appeal. It alleges four counts: (1) the Department, as a private corporation, violated the FLSA; (2) the District, as a private corporation, violated the FLSA; (3) alternatively, the Department and the District, as public entities, violated the FLSA; and (4) the Department and the District willfully violated the FLSA by discharging Freeman in an act of retaliation.

The Department and the District filed motions to dismiss the second amended complaint. After a hearing, the district court dismissed the complaint with prejudice. Freeman did not seek leave to amend; he appealed.

## II.

We review "*de novo* the district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010)). The "allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even

3

if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

### III.

To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). The resolution of this appeal turns on whether Freeman adequately alleged element (1)—an employment relationship with either the Department or the District. We review de novo whether a plaintiff has adequately alleged an employment relationship. *Brouwer v. Metro. Dade Cnty.*, 139 F.3d 817, 818 (11th Cir. 1998).

Under the FLSA, an employee is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). To be "employed" includes when an employer "suffer[s] or permit[s] [the employee] to work." 29 U.S.C. § 203(g). To determine if an individual is an employee, "we look at the 'economic reality' of all the circumstances" surrounding the activity. *Brouwer*, 139 F.3d at 819. We refer to this test as the "economic reality" test. *Villarreal v. Woodham,*, 113 F.3d 202, 205 (11th Cir. 1997). The touchstone of the economic reality test is the alleged

4

employee's economic dependence on the employer. *Freund v. Hi-Tech Satellite, Inc.*, 185 F. App'x 782, 783 (11th Cir. 2006) (citing *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1311 (5th Cir. 1976)). "[T]he final and determinative question must be whether . . . the personnel are so dependent upon the business with which they are connected that they come within the protection of the FLSA or are sufficiently independent to lie outside its ambit." *Usery*, 527 F.2d at 1311–12 (5th Cir. 1976).[1] In *Villarreal v. Woodham*, we said that the economic reality test asks "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." 113 F.3d at 205 (quoting *Bonette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

Joint employers are also responsible for complying with the FLSA. 29 C.F.R. § 791.2. We analyze whether a defendant is a joint employer under the FLSA using an eight-factor test. *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1178–81 (11th Cir. 2012). Those factors are:

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down before October 1, 1981.

(1) the nature and degree or control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities.

*Id.* at 1176. No one factor is dispositive and the existence of a joint employer relationship depends on the economic reality of the circumstances. *Id.* at 1177.

In this case, Freeman first contends that the district court erroneously applied the economic reality test to his complaint and argues that this test only applies at the summary judgment stage. Our precedent forecloses this argument. In *Brouwer*, we applied the economic reality test while reviewing a motion to dismiss. 139 F.3d at 818–19.

Next, Freeman argues that the district court erred in dismissing his complaint because it wrongly concluded that he failed to adequately allege an employment relationship with the Department and the District. At this stage in the case, we must determine if, viewing all the allegations of the complaint as true, Freeman has pled a claim for relief.

We begin our analysis by focusing on what is clear from the allegations of the complaint.[2]  Under the Department–District contract, attached as Exhibit A to Freeman's complaint, there is a clear distinction between volunteers and employees.  Volunteers are paid $5.00 per hour while employees are paid between $16.83 and $20.04 per hour.  Freeman was paid $5.00 per hour based on his status as a volunteer.  And the most Freeman could ever earn in a month was $1,200 regardless of the number of hours he spent at the fire station or the number of emergency calls he responded to.

The Department needed permission from the District to hire paid employees.  The District could not hire employees without a request from the Department.  The complaint does not allege that the Department requested that Freeman be hired as a paid employee nor does it allege that the District gave the Department permission to hire Freeman as a paid employee.

The days and shifts Freeman worked varied depending on his availability.  Freeman typically only worked two shifts per week.  Neither the Department nor the District set Freeman's schedule.  The District did not supervise Freeman and it did not mandate standard operating guidelines for the volunteer firefighters.

---

[2] We note that Freeman's allegation that he was an employee of the Department and the District is a legal conclusion that we are not bound to accept as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

7

Freeman's individual rate of pay was not set by the Department or the District. Each year, the Department presented the District with a plan outlining the amount of money it would need to operate. The District had to approve this plan. Additionally, besides W-2 forms, the Department has not provided any employment records to Freeman and Freeman does not allege that the District has any employment records.

Based on these allegations, the economic reality is that Freeman is not an employee of the Department or the District. Without an employment relationship, Freeman's FLSA claims fail.

## IV.

The FLSA prohibits employers from retaliating against an employee who has asserted his FLSA rights. 29 U.S.C. § 215(a)(3). To adequately plead a retaliatory discharge claim under the FLSA, a plaintiff must allege (1) an activity protected under the act; (2) adverse action *by the employer;* and (3) a causal connection between the employee's activity and the adverse action. *Wolf v. Coca-Cola*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (emphasis added) (quoting *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208-09 (10th Cir. 1997)).

Because Freeman did not adequately allege an employment relationship with either the Department or the District, his retaliation claim fails.

8

V.

For these reasons, we affirm the district court's dismissal of Freeman's second amended complaint for failure to state a claim.

AFFIRMED.[3]

---

[3] Freeman requests leave to amend his complaint. But, Freeman filed no motion in the district court seeking leave to amend his complaint. The district court was not required to *sua sponte* grant leave to amend. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).