**Darian RAYFIELD, individually and, on behalf of all others similarly situated, Plaintiff,**

v.

**SANDBOX LOGISTICS, LLC, a Texas limited liability company, Defendant.**

Civil Action No. 16-cv-2231-JLK

United States District Court, D. Colorado.

Signed 11/09/2016

Don J. Foty, Kennedy Hodges, LLP, Houston, TX, for Plaintiff.

Matthew Berton Henneman, Watt Thompson & Henneman LLP, Houston, TX, for Defendant.

### ORDER DENYING MOTION (Doc. 9) TO DISMISS

Kane, District Judge

Sandbox Logistics, LLC ("Sandbox") is an oilfield company specializing in the provision of sand and proppant used in the hydraulic fracturing process. Plaintiff Darian Rayfield worked as an equipment op-

erator for Sandbox from March 2016 to June 2016, working 12-hour shifts seven days a week for two weeks, with seven days off in between, without ever receiving overtime pay. Rayfied filed suit on behalf of himself and all other similarly situated Sandbox equipment operators, asserting claims under the Fair Labor Standards Act (FLSA) and Colorado Wage Claim Act for unpaid overtime compensation and liquidated damages. Sandbox moves to dismiss, arguing Rayfield's Complaint is inadequate on its face to support his claims. I DENY the motion.

 " 'The requirements to state a claim of a FLSA violation are quite straightforward,' requiring plaintiff to show 'a failure to pay overtime compensation and/or minimum wages to covered employees'—no more." *Renteria–Camacho v. DIRECTV, Inc.*, 14–2529, 2015 WL 1399707, at *2–3 (D. Kan. Mar. 26, 2015)(quoting *Sec'y of Labor v. Labbe*, 319 Fed.Appx. 761, 763 (11th Cir. 2008)). Mr. Rayfield has plead a viable FLSA claim for unpaid overtime wages. He pleads sufficient fact establishing that he was a covered employee, that he worked in excess of 40 hours per week, and that he was not paid overtime. He is not required to itemize or provide detailed dates and times of his work at the pleading stage of his case, especially when payroll records are likely in the sole and exclusive custody of the Defendant. To hold otherwise would elevate the pleading burden of an FLSA plaintiff above the pleading burden of other plaintiffs. *See McDonald v. Kellogg Co.*, No. 08–2473–JWL, 2009 WL 1125830, at *1 (D. Kan. Apr. 27, 2009) ("[F]ederal courts in the wake of *Twombly* have held that extensive pleading is not required in the context of a FLSA claim.").

Similarly, Mr. Rayfield's Colorado Wage Act claim survives dismissal given his citation to Colorado's Minimum Wage Order 32, 7 Colo. Code Regs. § 1103-1. Sandbox concedes the authority, but argues the original claim should still be dismissed because the clarification does not adhere to or modify the Complaint. The case relied on by Sandbox, *County of Santa Fe v. Public Serv. Co. of NM*, 311 F.3d 1031 (10th Cir. 2002), is distinguishable and does not compel this hypertechnical result. In *Santa Fe*, the Tenth Circuit distinguished between reliance on facts outside the pleadings from reliance on legal argument contained in briefing for purposes of converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *Id.* at 1035. That issue has no bearing on the one before me. Nevertheless, to ensure a clear basis for going forward with this case (and the related Civil Action No. 16–cv–1978), Mr. Rayfield will be ordered to submit an Amended Complaint conforming to his clarified state minimum wage law claim.

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 9) is **DENIED**. **ORDERED** that Plaintiff shall have to and including **November 18, 2016**, in which to file an **Amended Complaint** that conforms his claims and allegations to his description of them in his Response to the Motion to Dismiss.

I note that a Scheduling Conference has already been set in the related case of *Power et al. v. Sandbox Logistics*, Civil Action No. 16-cv-1978, which is also pending before me. I am considering consolidating these two actions and would like counsel in both cases to be present for that 11:00 a.m. on January 5, 2017 setting. (*See* Docket Entry 19 in 16-cv-1978-JLK, setting conference). If that date and time does not work for Mr. Rayfield's counsel, the parties should **CONFER** and call in jointly to chambers to reset the date.