FILED
United States Court of Appeals
Tenth Circuit

October 3, 2018

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor,

        Plaintiff - Appellant,

v.

JANI-KING OF OKLAHOMA, INC., a
foreign corporation,

        Defendant - Appellee.

No. 17-6179

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:16-CV-01133-W)**
_____

Dean A. Romhilt, Senior Attorney (Kate S. O'Scannlain, Solicitor of Labor, Jennifer S. Brand, Associate Solicitor, and Paul L. Frieden, Counsel for Appellate Litigation, with him on the briefs), United States Department of Labor, Office of the Solicitor, Washington, D.C., for Plaintiff-Appellant.

Aaron D. Van Oort, Faegre Baker Daniels LLP, Minneapolis, Minnesota (John T. (Ted) Koehler, Faegre Baker Daniels LLP, Denver, Colorado, and Stacy R. Obenhaus, Gardere Wynne Sewell, Dallas, Texas, with him on the brief) for Defendant-Appellee.
_____

Before **LUCERO**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

**McKAY**, Circuit Judge.
_____

This appeal arises out of the district court's dismissal with prejudice of the Secretary of Labor's complaint against Jani-King of Oklahoma, Inc. For the reasons below, we reverse.

Jani-King is a janitorial company providing cleaning services in the Oklahoma City area. The company engages individuals, pairs of related individuals, or small corporate entities which are allegedly composed predominantly or entirely of single individuals or pairs of related individuals to perform janitorial work on its behalf through franchise arrangements. Jani-King recently began requiring individuals and pairs of related individuals—both those already affiliated with Jani-King and those who are new—to form corporate entities, which then become the named parties to the franchise.

Following an investigation into Jani-King's employment practices, the Secretary of Labor filed a complaint against Jani-King, alleging violations of the Fair Labor Standards Act and seeking an injunction to require Jani-King to keep the requisite FLSA employee records. Specifically, the Secretary asserted that individuals who form corporate entities and enter franchise agreements as required by Jani-King "nonetheless personally perform the janitorial work on behalf of Jani-King" and, based on the economic realities of this relationship, are Jani-King's employees under the FLSA. (Appellant's Opening Br. at 5.)

Jani-King filed a motion to dismiss on two grounds: (1) under Rule 12(b)(6), the Secretary failed to plausibly suggest that every franchise owner should be treated as an employee under the FLSA, and (2) under Rule 12(b)(7), the Secretary failed to name the

2

franchisees as necessary parties.[1]  The district court granted Jani-King's Rule 12(b)(6)

motion and dismissed the Secretary's complaint without prejudice.  The Secretary then

filed an amended complaint alleging that the individuals who personally perform the

janitorial cleaning work for Jani-King through the franchise arrangements are employees

under the FLSA, and asking that Jani-King be required to keep records about those

individuals.  In response, Jani-King raised the same Rule 12(b)(6) and 12(b)(7) motions,

arguing that the Secretary is not free to ignore its corporate organization.  The district

court again granted Jani-King's Rule 12(b)(6) motion—this time with prejudice—

concluding the amended complaint "ignores corporate forms" and does not plausibly

suggest the FLSA applies to all janitorial cleaners.  (Appellant's App. at 183 & n.9.)  The

Secretary now appeals.

We review de novo the district court's grant of a motion to dismiss pursuant to

Rule 12(b)(6).  *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).  Under this standard,

"all well-pleaded factual allegations in the complaint are accepted as true and viewed in

the light most favorable to the nonmoving party," *Moore v. Guthrie*, 438 F.3d 1036, 1039

(10th Cir. 2006) (internal quotation marks and ellipsis omitted), but the pleadings must

"contain sufficient factual matter . . . to state a claim to relief that is plausible on its face,"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  To

---

[1] In its order addressing Jani-King's first motion to dismiss, the district court determined there was "no basis for dismissal under Rule 12(b)(7)" because Jani-King failed to address whether joinder of the franchisees was feasible.  (Appellant's App. at 77.) Though Jani-King again raised this claim in its motion to dismiss the Secretary's amended complaint, the district court's second order did not address the Rule 12(b)(7) argument, and it is not before this court on appeal.

achieve "facial plausibility," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under the FLSA, employees of covered employers are afforded minimum wage and overtime pay protections. *See* 29 U.S.C. §§ 206(a), 207(a). The Act defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). "Employ" means to "suffer or permit to work." *Id.* § 203(g). An FLSA employer is required to maintain certain records "prescribe[d] by regulation" regarding the "persons employed" by it, 29 U.S.C. § 211(c), including records regarding minimum wage and overtime pay, 29 C.F.R. 516.2. The FLSA gives the Secretary authority to investigate employers' compliance with these recordkeeping requirements and to seek injunctive relief against employers who violate those provisions of the Act. *See* 29 U.S.C. §§ 211(a), 215(a)(5), 217.

Here, the Secretary's amended complaint alleged that Jani-King violated the FLSA because it did not "mak[e], kee[p], and preserv[e] the required records" for "Janitorial Cleaners . . .who personally perform the janitorial cleaning work as designated by Defendant" "as a result of improperly classifying these individuals as independent contractors when they are, in fact, employees." (Appellant's App. at 80-81 (internal quotation marks omitted).) The amended complaint acknowledged that many of these "Janitorial Cleaners" are individuals or "corporate entities owned by one or sometimes two individuals" who have entered franchise agreements with Jani-King, but alleged a series of facts to show that, per the six-factor economic realities test, these individual

4

Janitorial Cleaners are employees under the FLSA. (*Id.*) The district court, however, determined that the complaint failed to state a claim because "a corporate entity can never be an 'individual,' which is a statutory prerequisite to status as an 'employee.'" (*Id.* at 182.) The court further explained that the Secretary's complaint did "not distinguish between those Janitorial Cleaners procured to perform cleaning services who are artificial entities and those Janitorial Cleaners who are individuals," instead lumping together all Janitorial Cleaners procured through franchise agreements in "conclusory fashion." (*Id.* at 182-83.) The court ultimately concluded that "[b]ecause the factual allegations in the amended complaint do not plausibly suggest that the FLSA applies to, and protects, all Janitorial Cleaners as that term is used in this case, the Secretary has not nudged his claim across the line from conceivable to plausible." (*Id.* at 183 [internal quotation marks and punctuation omitted].)

As Jani-King conceded at oral argument, the district court's decision was based on the incorrect determination that the Secretary's definition of "Janitorial Cleaners" was overly broad because it included corporate entities which could never be "employees" under the FLSA because they are not "individuals." (May 15, 2018 Oral Argument at 13:30-13:49.) In framing the amended complaint this way, the district court's order improperly ignores the economic realities test. It is well settled that the economic realities of an individual's working relationship with the employer—not necessarily the label or structure overlaying the relationship—determine whether the individual is an employee under the FLSA. *See, e.g., Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985); *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 32-33

5

(1961); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947); *Dole v. Snell*, 875 F.2d 802, 804 (10th Cir. 1989) ("[T]he Supreme Court has directed that the economic realities of the relationship govern."). In determining whether an individual is an employee under the FLSA, the inquiry is not limited to the contractual terminology between the parties or the way they choose to describe the working relationship. *See Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 570 (10th Cir. 1994); *Dole*, 875 F.2d at 804. Other circuits have adopted this same rule. *See, e.g., Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013) ("[The] inquiry is not governed by the 'label' put on the relationship by the parties or the contract controlling that relationship."); *Sec'y of Labor v. Lauritzen*, 835 F.2d 1529, 1544-45 (7th Cir. 1987) ("The FLSA is designed to defeat rather than implement contractual arrangements. . . . '[E]conomic reality' rather than contractual form is indeed dispositive."); *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir. 1983) ("[A]n employee is not permitted to waive employee status," despite having signed independent contractor agreements.). To determine whether an individual is an employee under the FLSA, courts apply the six-factor economic realities test, which considers "(1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business." *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998). Thus, where the Secretary has alleged that Jani-King violated FLSA recordkeeping requirements with respect to "individuals . . . who

personally perform the janitorial cleaning work as designated by Defendant," the fact that these individuals are franchisees or have formed corporations does not end the inquiry. (Appellant's App. at 80-81.)

Jani-King argues, however, that the Secretary's complaint should still be dismissed because the Secretary has not alleged sufficient factual allegations to make a plausible FLSA claim as to each actor. Most of the cases Jani-King cites in support of this argument are civil rights cases against multiple government entities and officials where the defendants generally sought dismissal on qualified immunity grounds. *See, e.g.*, *Pahls v. Thomas*, 718 F.3d 1210 (10th Cir. 2013); *Brown v. Montoya*, 662 F.3d 1152 (10th Cir. 2011); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011); *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504 (10th Cir. 1998). This court has previously recognized that "[t]he *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of a litigation." *Robbins*, 519 F.3d at 1249 (internal quotation marks omitted). But this is not a qualified immunity case, and no such heightened *Twombly* standard applies here. *Cf. Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763-64 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward.")

Jani-King complains that because the amended complaint did not mention a single franchise owner by name and did not include any allegations specific to any one

individual, it failed to inform Jani-King of the grounds for the Secretary's claims against the company. *See Robbins*, 519 F.3d at 1247, 1249-50. In making this argument, Jani-King repeatedly suggests that this case involves multiple defendants: Jani-King and the franchisees. (*See, e.g.*, Appellee's Br. at 20 ["In a complex, multi-actor case like this one, a plaintiff must . . . mak[e] specific allegations regarding each actor."], 24 ["[T]he Secretary pleads conclusory, uniform allegations against unnamed Jani-King Franchise Owners."].) This is an inaccurate reading of the amended complaint. The Secretary does not allege the franchisees have committed any FLSA violations. Rather, the amended complaint asserts that Jani-King—the sole defendant in the case—violated the FLSA by failing to keep records for its "employees," defined in the pleading as "individuals who personally perform the janitorial cleaning work as designated by Defendant." (Appellant's App. at 80-81.) Jani-King has full notice of the alleged wrongdoing. The Secretary need not plead specific facts with regard to each individual franchise owner where it has made clear (1) the specific act of wrongdoing in which Jani-King allegedly engaged, i.e., violating recordkeeping requirements; and (2) the descriptive identity of those individuals or entities to whom those requirements allegedly apply, i.e., Janitorial Cleaners who personally perform the work and, based on the factual allegations in the complaint, plausibly qualify as FLSA employees due to the economic reality of their relationship with Jani-King. Although the amended complaint did not specifically name the individuals or entities who allegedly trigger the recordkeeping requirements of the FLSA, the amended complaint's factual allegations are nevertheless sufficient at the pleading stage to give Jani-King notice of which franchisees might be implicated by this

8

action. *Cf.*, *Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009) (holding that defendants received adequate notice in a False Claims Act case where the complaint alleged a scheme to submit false claims and enough details that the defendants—who "will be in possession of the most relevant records, such as patients' charts, doctors' notes, and internal billing records"—could adequately investigate and defend the claims). Moreover, the amended complaint's allegations suggest that the identity of these individual Janitorial Cleaners—and thus the extent of Jani-King's alleged wrongdoing—will be made apparent during discovery. *Cf. Twombly*, 550 U.S. at 556 ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."); *Grubbs*, 565 F.3d at 190 (requiring a plaintiff to know all of the exact details of his claim "is one small step shy of requiring production of actual documentation with the complaint, a level of proof not demanded to win at trial and significantly more than any federal pleading rule contemplates"). Lastly, as the Secretary argues, the individual identities of the Janitorial Cleaners are not necessary at the pleading stage because the complaint is not seeking any individualized relief. *Cf. Shook v. El Paso Cnty.*, 386 F.3d 963, 972 (10th Cir. 2004) (lack of identifiability of class members is not a factor when seeking certification of a class for injunctive relief under Federal Rule of Civil Procedure 23(b)(2)).

For these reasons, we conclude that the Secretary's amended complaint contains sufficient factual matter to state a facially plausible claim for relief. The complaint identifies individuals (those who "personally perform the janitorial cleaning work") who

9

could qualify as Section 203(e)(1) "employees" under the economic realities test if all the Secretary's well-pleaded factual allegations about the nature of the relationship between Jani-King and these individuals are accepted as true and viewed in the light most favorable to the Secretary. The complaint also alleges that Jani-King has violated the FLSA as to these employees by failing to comply with recordkeeping requirements. These allegations are sufficient to state a claim at this stage of the proceedings. In so concluding, we make no determination as to the merits of the Secretary's case—we only hold that it survives this initial Rule 12(b)(6) motion to dismiss.

We accordingly **REVERSE** and **REMAND** for further proceedings.

10