**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GILBERT T. TSO, individually, and as
parent and on behalf of M.X.T.,

     Plaintiff - Appellant,

v.

REBECCA MURRAY, individually;
TANYA AKINS, individually and official
capacity; SHERR PUTTMAN AKINS
LAMB PC, a law firm; JEANNIE
RIDINGS, individual and official capacity;
KILLIS RIDINGS & VANAU PC, a law
firm; RUSSELL M. MURRAY,
individually; DENA MURRAY,
individually; JOANNE JENSEN,
individually; THE CITY AND COUNTY
OF DENVER, COLORADO; DENVER
DISTRICT COURT, a municipal entity;
RICHARD F. SPIEGLE, individually Psy.
D.; COLORADO DEPARTMENT OF
HUMAN SERVICES, a governmental unit
or political subdivision of the State of
Colorado; DENVER DEPARTMENT OF
HUMAN SERVICES, a municipal entity,

     Defendants - Appellees,

and

DAVID P. BRODSKY, individual and
official capacity; ELIZABETH A.
STARRS, individually and official
capacity; CHARLES D. JOHNSON,
individually and official capacity; ROSS
B.H. BUCHANAN, individually and
official capacity; DAVID H. GOLDBERG,
individually and official capacity; THE

No. 18-1122
(D.C. No. 1:16-CV-02480-WJM-STV)
(D. Colo.)

COUNTY OF LAKE, ILLINOIS; STATE
OF ILLINOIS; MITCH MCKEE, official
capacity; MONICA JACKSON,
individually and official capacity; LARA
DELKA, individually and official capacity,

Defendants.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

This case arises from plaintiff Gilbert T. Tso's dissatisfaction with the

child-support obligation established in his Illinois divorce from his ex-wife, Rebecca

Murray, and with the procedures used to establish and enforce that obligation. After

Murray obtained an Illinois court order requiring Tso to pay ongoing child support

and arrearages, and registered the order in Colorado state court, Tso brought this

federal civil-rights action in the District of Colorado. In his Second Amended

Complaint (the Complaint) he sued Murray, her parents, her Colorado and Illinois

legal counsel, a court-appointed psychologist, and various Colorado and Denver

government entities.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court dismissed all of Tso's claims. He challenges that dismissal, along with the district court's orders denying various motions he filed. Liberally construing his pro se filings, but without serving as his advocate, *see James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013), we affirm the district court's dismissal of Tso's claims and the challenged orders.

## I. BACKGROUND

In November 2012 an Illinois district court entered a judgment dissolving Tso's marriage to Murray. The Illinois court designated Tso the "non-primary caregiver," and assigned him a "Duty of Support," R. Vol. 5 at 56, ¶ 117 (internal quotation marks omitted); *id.* at 36, ¶ 66 (internal quotation marks omitted), but deferred the establishment of a child-support order.

By June 2013 Tso, Murray, and their minor child had moved to Colorado. Tso filed several motions in the Denver District Court to establish a child-support order. He alleges these were unsuccessful because the Colorado court deferred to the Illinois district court concerning child support. The Illinois district court eventually entered a support order that imputed income to Tso under Illinois law and required him to pay arrearages of approximately $17,500. An Illinois appellate court later affirmed the Illinois district court's exercise of jurisdiction over the child-support issue. In 2015 the Denver District Court granted a motion to register and enforce the Illinois child-support order in Colorado.

Tso filed this action in October 2016. The Complaint seeks recovery from the defendants under a variety of theories. It raises five claims: (1) "[Fifth] Amendment

Violations from the Public Taking of Property Without Just Compensation," *id.* at 38;

(2) "Civil Violations of 18 U.S.C. § 1962(c)" (part of the Racketeer Influenced and

Corrupt Organizations Act, or RICO, *see* 18 U.S.C. §§ 1961-1968), *id.* at 41;

(3) "Civil Violations of 18 U.S.C. § 1962(d)" (also part of RICO), *id.* at 69; (4) "14th

Amendment [Equal Protection] Violation of [Uniform Interstate Family Support Act]

§ 605(b)(2) and [Colo. Rev. Stat.] §§ 14-5-607 (42 U.S.C. §1983)," *id.* at 72; and

(5) a claim seeking a declaration that "[Colo. Rev. Stat.] § 14-10-124 is

Unconstitutional," *id.* at 75.

## II. DISCUSSION

### 1. *Rooker-Feldman* Doctrine

The district court determined it lacked jurisdiction over Tso's civil RICO

claims under the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S.

413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman*

doctrine implicates the subject-matter jurisdiction of the federal courts. *See Lance v.*

*Coffman*, 549 U.S. 437, 439 n.* (2007) (per curiam) ("*Rooker–Feldman* concerns a

district court's subject-matter jurisdiction . . . ."). We therefore address it first. *See*

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (jurisdiction must be

determined before resolving merits).

We review de novo the district court's dismissal of claims under the

*Rooker-Feldman* doctrine. *See Campbell v. City of Spencer*, 682 F.3d 1278, 1281

(10th Cir. 2012). The doctrine "bars the lower federal courts from engaging in

appellate review of state-court judgments." *Id.* at 1279-80. That appellate authority

4

is reserved for the Supreme Court. *See id.* at 1281. Our de novo review persuades us that Tso's Fifth Amendment, Fourteenth Amendment, and RICO claims all are subject to dismissal under *Rooker-Feldman* because (with one insignificant exception) the harms for which he seeks relief in these claims all result from state-court judgments. Although the district court did not dismiss all these claims under *Rooker-Feldman*, we exercise our discretion to affirm its dismissal on alternative grounds. *See GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876, 882 (10th Cir. 2005) ("This court can affirm the district court's dismissal on any grounds sufficiently supported by the record.").

The Supreme Court has explained that *Rooker-Feldman* "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Campbell*, 682 F.3d at 1283. Tso's Complaint seeks relief from alleged harms flowing from "acts of the state court." *Campbell*, 682 F.3d at 1285. That is, "the allegedly wrongful act that caused damage was the state-court order itself," and his claims "required a determination of the bona fides of the prior state-court judgment," *id.* at 1284. Though he complains of various acts taken by the defendants, whether through a RICO "conspiracy" or denial of just compensation, the only harms alleged involved

5

deprivations that resulted from the state courts' orders. His claims are therefore barred by *Rooker-Feldman*.[1]

## 2. Constitutionality of Colo. Rev. Stat. § 14-10-124

The magistrate judge recommended that the Complaint's facial challenge to Colo. Rev. Stat. § 14-10-124 be dismissed, both because it was "bare, conclusory, and littered with legal conclusions masquerading as factual allegations," R., Vol. 7 at 297, and because it was barred by *Rooker-Feldman*. In his amended objections Tso responded with a single sentence: "Your Plaintiff respectfully objects to the finding that this claim is barred by the *Rooker-Feldman* doctrine, and states his challenge of C.R.S. § 14-10-124 is strictly a facial challenge." *Id.* at 401. The district court concluded he had "failed to articulate a substantial and principled reason for this

---

[1] In his opening brief Tso does allude to one harm that potentially fell outside the *Rooker-Feldman* doctrine. He argues "that his RICO injuries were proximately due to the adverse impact on cashflow accrued directly from the cost of mitigating and defending against the RICO defendants' schemes," Aplt. Opening Br. at 33-34, including "the cost of litigation" that resulted in losses related to his Illinois real property, *id.* at 36. Adverse impacts on cashflow that result from enforcement of an allegedly unlawful court order are of course incidents of that order, and hence subject to *Rooker-Feldman*. *See Campbell*, 682 F.3d at 1285 (imposition of bond and forfeiture of horses were acts of state court for *Rooker-Feldman* purposes). But the Complaint also alleges that Tso's litigation expenses were increased because the number of pleadings the defendants filed in his Illinois litigation was excessive and their expert witnesses were unqualified. To state a claim, however, the Complaint must "contain sufficient factual matter to state a claim to relief that is plausible on its face." *Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018) (ellipsis and internal quotation marks omitted). The allegations of the Complaint about litigation expenses do not meet that standard. They are conclusory; they do not adequately support any of Tso's claims, and do not prevent the dismissal of his Complaint.

Court to conclude that [the magistrate judge's] recommendation on this claim is erroneous or without a sound legal basis." *Id.*, Vol. 7 at 953.

We question the correctness of the district court's *Rooker-Feldman* ruling on this claim. *See Feldman*, 460 U.S. at 487 (the doctrine did not bar a challenge to the constitutionality of a court rule). But we need not decide the issue because Tso has not challenged the district court's conclusion that he failed to adequately object to the magistrate judge's recommendation that the claim be dismissed under *Rooker-Feldman*. By failing to adequately object, he forfeited his appellate challenge to the dismissal of this claim. *See Salazar v. Butterball, LLC*, 644 F.3d 1130, 1143 (10th Cir. 2011) (to preserve issues for appellate review, "[a] party's objections to a magistrate judge's report and recommendation must be both timely and specific" (internal quotation marks omitted)); *see also Havens v. Colo. Dep't of Corrs.*, 897 F.3d 1250, 1261 (10th Cir. 2018) (this court has no duty to consider waived arguments *in favor of* subject-matter jurisdiction). We therefore affirm the dismissal of this claim.

### 3. Motions

Tso also challenges the district court's denial of his motions seeking sanctions against certain defendants under Fed. R. Civ. P. 11(c), to set aside the district court's stay of discovery, and to amend or supplement his Complaint. We lack jurisdiction to review the orders denying his motions to set aside the stay of discovery, which were entered by a magistrate judge but not appealed to the district court. *See SEC v. Merrill Scott & Assoc., Ltd.*, 600 F.3d 1262, 1269 (10th Cir. 2010) (interlocutory

7

orders by magistrate judge must first be appealed to the district court).  We generally review the remaining denials for an abuse of discretion.  *See Brown v. Eppler*, 725 F.3d 1221, 1228 n.3 (10th Cir. 2013) (Rule 11 sanctions); *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (motion to amend complaint); *Duncan v. Mgr., Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (motion to supplement complaint).  To the extent the district court determined that granting leave to amend the Complaint would have been futile, however, our review is de novo.  *See Cohen*, 621 F.3d at 1314-15.  Our review persuades us the district court did not abuse its discretion in denying Tso's motions, and that it correctly determined it would have been futile to amend the complaint.  We therefore affirm the denial of his motions.

## III.  CONCLUSION

We affirm the district court's dismissal and its denial of the challenged motions.  Tso's Motion for Leave to Take Judicial Notice is denied.

Entered for the Court

Harris L Hartz
Circuit Judge

8