**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DR. MILOS JIRICKO,

     Plaintiff - Appellant,

v.

FRANKENBURG JENSEN LAW FIRM;
CAROLYN STEVENS JENSEN, lawyer;
JENNIFER BRENNAN, lawyer; KEITH
KELLY, State Judge in his official and
personal capacity; HEATHER
BRERETON, Judge in her official and
personal capacity,

     Defendants - Appellees.

No. 18-4066
(D.C. No. 2:16-CV-00132-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.
_____

Dr. Milos Jiricko, appearing pro se, appeals from the dismissal of his

complaint asserting federal and state-law claims against opposing counsel and two

judges who were involved in his unsuccessful personal injury suit brought in Utah

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

state court. He also appeals from the denial of his motion to reopen the judgment under Fed. R. Civ. P. 59 and 60(b). We affirm.[1]

## BACKGROUND

In October 2013, Jiricko, appearing pro se, filed suit in Utah state court against an ophthalmologist and the doctor's employer for personal injuries he claimed to have suffered as a result of a surgical procedure ("State Court Suit"). Carolyn Stevens Jensen and Jennifer M. Brennan and their law firm, Frankenburg Jensen, (collectively "the Frankenburg Defendants") represented the medical defendants in the suit. Judge Keith Kelly and later Judge Heather Brereton (collectively "the Judicial Defendants") presided over the case. Accepting the Frankenburg Defendants' arguments on behalf of their clients, Judge Kelly decided the Utah Health Care Malpractice Act, Utah Code Ann. §§ 78B-3-401 to 78B-3-426 ("the Act"), and its requirements applied to Jiricko's claims. Judge Brereton subsequently dismissed Jiricko's suit as a result of his failure to designate a qualified expert witness as required by the Act. The Utah Court of Appeals affirmed.

While his State Court Suit appeal was pending, Jiricko filed this action against the Frankenburg and Judicial Defendants, alleging they had conspired to deprive him of his constitutional rights and otherwise harm him by applying the Act to his claims. He further alleged the Act was unconstitutional on its face and as applied in the State Court Suit, and asserted claims against the Defendants under 42 U.S.C. § 1983 and state law.

---

[1] Our jurisdiction derives from 28 U.S.C. § 1291.

He sought damages, a judgment declaring the Act to be unconstitutional, and an injunction barring its application to his claims in the State Court Suit.

Both sets of defendants filed motions to dismiss the claims. The district judge referred the motions to a magistrate judge, who recommended: 1) the claims against the Judicial Defendants be dismissed on judicial immunity and other grounds, and 2) the § 1983 claims against the Frankenburg Defendants be dismissed because they were not state actors and the state-law claims against them (except the claim of fraud on the state court) be dismissed since those claims were barred by Utah's judicial-proceedings privilege. The district judge adopted the magistrate's recommendations over Jiricko's objections.

In response, Jiricko filed a petition for a writ of mandamus in this court, seeking to disqualify the district and magistrate judges for failing to decide what he deemed to be the central issue in this action–his challenges to the constitutionality of the Act. In his mandamus petition, he also asked this court to decide the constitutional issues. Exercising jurisdiction under 28 U.S.C. § 1651(a), we denied his petition. *See In re Jiricko*, No. 17-4094, slip op. at 4 (10th Cir. June 26, 2017) (unpublished order).

Meanwhile, the Frankenburg Defendants moved for summary judgment on the only remaining claim, fraud on the state court. The magistrate recommended a summary judgment dismissing the state law claim because the district court lacked jurisdiction to decide it and, in any event, should decline to exercise supplemental jurisdiction. Jiricko did not file objections within fourteen days of this recommendation as required or seek an extension to do so, but he did file objections approximately two weeks after the deadline.

3

The district judge nevertheless considered the untimely objections, adopted the magistrate's recommendation, dismissed the fraud on the state court claim for lack of jurisdiction, and entered judgment dismissing this action.[2] He also denied Jiricko's motion to reopen the judgment under Fed. R. Civ. P. 59 and 60(b). This appeal followed.

## DISCUSSION

### A. Utah Health Care Malpractice Act

Though Jiricko raises a number of issues on appeal, his primary argument relates to the dismissal of his case without deciding whether the Utah Health Care Malpractice Act is unconstitutional on its face or as applied by the Judicial Defendants in the State Court. Jiricko is mistaken in assuming a decision on these issues is necessary simply because he asserted § 1983 and state-law claims. As we informed him in denying his petition for mandamus, the failure of the judges to rule on the constitutionality of the Act at that point in the case was "the natural consequence of rulings based on other dispositive deficiencies in his claims." *In re Jiricko*, No. 17-4094, slip op. at 3. The immunity, privilege and other grounds on which the district court had dismissed Jiricko's claims against the Judicial Defendants and most of his claims against the Frankenburg Defendants made it unnecessary for the district court to resolve his constitutional challenges. We suggested an appeal from the merits of these dismissals if he objected to

---

[2] As a result of Jiricko's failure to timely object to the magistrate's recommendation regarding this claim, we ordered Jiricko to show cause why he had not waived his right to appellate review of the district court's adoption of this recommendation under our firm waiver rule regarding untimely objections. We discuss this rule and Jiricko's response to our order later in this decision.

4

them. *Id.* at 2-3. He has done so to some extent in this appeal, as we discuss in the following sections, but there is no merit to his renewed contention that the district court erred in failing to address the Act's constitutionality.

**B. Dismissal of Claims Against the Judicial Defendants**

Jiricko's claims against the Judicial Defendants were dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a decision we review de novo. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). To state a claim, a complaint must contain sufficient facts "to state a claim to relief that is plausible on its face," taking all well-pleaded facts, but not conclusory allegations, as true and construing them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Because Jiricko is acting pro se, we construe his filings liberally, but do not act as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**1. Claims for damages**

We agree with the district judge, Jiricko failed to state a plausible claim for damages against the Judicial Defendants because the claims are barred by judicial immunity. A judge is immune from damage suits unless (1) the act in question "is not taken in the judge's judicial capacity," or (2) "the act, though judicial in nature, is taken in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Court*

5

*of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (internal alterations and quotation marks omitted).  Jiricko contends his claims fall within these exceptions because the state judges improperly ruled his State Court Suit was subject to the Act.  But disagreement with a ruling does not touch upon the court's jurisdiction or judicial capacity.  His claims failed to state a claim because they are barred by judicial immunity.

## 2.  Claims for declaratory and injunctive relief

The district judge dismissed Jiricko's claims for declaratory and injunctive relief against the Judicial Defendants on alternative grounds: 1) they failed to state a claim because they were barred by the *Younger* abstention doctrine,[3] and 2) the Judicial Defendants, as adjudicators, were not proper parties to defend the constitutionality of the Utah statute.  Jiricko disputes the judge's reliance on the *Younger* doctrine but does not challenge his holding that the Judicial Defendants were not proper parties.  "When a district court dismisses a claim on two or more independent grounds, the appellant must challenge each of those grounds." *Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016).  Since Jiricko does not now challenge the "proper parties" ruling, we trust it was proper.  We affirm the dismissal of the claims for declaratory and injunctive relief.  *See id.*

---

[3] This doctrine arises from *Younger v. Harris*, 401 U.S. 37 (1971).

### C. Claims against Frankenburg Defendants

#### 1. Section 1983 claims

To state a claim under § 1983, Jiricko was required to plead facts that, taken as true, establish (1) he was deprived of a right secured by the Constitution or federal law, and (2) the deprivation was caused by a person or persons acting under color of state law. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014). He failed to state a § 1983 claim against the Frankenburg Defendants, the district judge concluded, because he did not sufficiently allege they acted under color of state law. Jiricko disputes this conclusion because he alleges they conspired with state actors (the Judicial Defendants) in state court to deprive him of his constitutional rights. But "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) (internal quotation marks omitted). The mere fact that a judge agreed with one party's legal arguments is not collusion. Since Jiricko failed to offer the required specific factual allegations, he failed to state a § 1983 claim against the Frankenburg Defendants.

#### 2. State-law claims

The district court dismissed Jiricko's state-law claims against the Frankenburg Defendants (abuse of process, conspiracy and intentional infliction of emotional distress)

because they were barred by Utah's judicial-proceeding privilege. Under Utah law, this privilege "presumptively attaches to conduct and communications made by attorneys on behalf of their clients in the course of judicial proceedings." *Moss v. Parr Waddoups Brown Gee & Loveless*, 285 P.3d 1157, 1166 (Utah 2012). Jiricko did not challenge the privilege ruling, thereby forfeiting appellate review of it.[4] *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.")

Jiricko also waived appellate review of the district court's dismissal of his final claim against these Defendants (fraud on the state court); this time because he failed to timely object to the magistrate judge's February 6, 2018, recommendation to dismiss this state-law claim for lack of jurisdiction. "This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Id.* (internal quotation marks omitted).

---

[4] Jiricko did address this privilege in his reply brief after the Frankenburg Defendants raised it in their response brief. But we do not ordinarily consider arguments raised for the first time in a reply brief. *See, e.g.*, *White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017) (holding party "waived [ ]his contention by waiting to present it for the first time in his reply brief"). Further, Jiricko's argument that the Frankenburg Defendants were not acting within the scope of the judicial-proceeding privilege in the State Court Suit is conclusory and not persuasive in any event.

In response to our order to show cause regarding his apparent waiver, Jiricko first claims the firm waiver rule does not apply because his objections to the magistrate judge's recommendation regarding his fraud on the court claim were timely under an extension he had requested and received from the court. The record shows otherwise; that extension granted Jiricko additional time to object to two other, earlier filed, recommendations made by the magistrate. His objections to the magistrate's recommendation regarding his fraud on the court claim were untimely.

He also contends the firm waiver rule is inapplicable under the exceptions to the rule. But our review of the magistrate judge's written recommendation indicates it accurately informed Jiricko he was required to file any objections to the recommendation within fourteen days and that the failure do so "may constitute waiver of objections upon subsequent review." R. Vol. II at 395. His "interests of justice" argument is also unpersuasive as it merely returns to the issue of the Act's constitutionality, and makes no argument about the judge's unexceptional decision not to exercise supplemental jurisdiction over his fraud on the state court claim once his federal and other state claims had been dismissed. Jiricko's other assorted arguments against application of the firm waiver rule are also meritless. He waived appellate review of the district court's dismissal of his fraud on the court claim.

### D. Postjudgment Motion

Jiricko also appeals from the denial of his combined Rule 59 and Rule 60(b) motion to reopen the court's judgment. We review this decision for abuse of discretion.

9

*See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2009).  The denial was not even debatably beyond permitted discretion.[5]

**CONCLUSION**

AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[5]  Jiricko's contention that the district court failed to rule on a portion of this motion is not supported by the record.  Nor do we see anything in the record supporting his suggestion that the district and magistrate judges were biased against him and should have been disqualified.

10